## McCLELLAN, et al, vs KERBY, et al.

### Opinion delivered September 23, 1903.

1. *Judgment—Enforcement Thereof—By Injunction.*

> The court below is vested with full authority to enforce its judgments ordering a sale of property by enjoining parties to the litigation from interfering with such sale, and from slandering the title to said property and from interfering with the title and possession of any purchaser at such sale.

2. *Judgment—Enforcement of by Sale of Property—Authorized by Mandate of Higher Court.*

> Where, in an action to subject certain property of the defendants to the payment of a judgment against them, under a claim that said property was acquired by defendants by the transfer, in the purchase thereof, of certain cattle on which plaintiffs held a mortgage, and that therefore said defendants held said property as the trustee of plaintiffs, a mandate of the higher court to which said action was taken on appeal, ordered the sale of said property to pay the plaintiff's judgment debt, it was not error for the lower court to order and enforce such sale without first ascertaining the value of the property.

Appeal from the United States Court for the Northern District.

Wm. M. Springer, Judge.

Suit by James C. Kerby and another against William P. McClellan and another to subject certain property to the payment of a judgment against the defendants. Judgment approving a sale made by a receiver. Defendants appeal. Affirmed.

After extended litigation, on May 25, 1895, mandate of the United States Court of Appeals in the case of Pyeatt & Kerby vs William P. McClellan et al., 66 Fed. 843, 14 C. C. A. 140, was ordered spread upon the records of the United States court in and for the Northern District, in favor of Pyeatt & Kerby and against William P. McClellan and Rachel McClellan, his wife, and directing and ordering the lower court to enter a decree not inconsistent with the views expressed in the opinion of the former court; and in pursuance of said mandate, on July 20, 1895, the following order was made and entered of record in said court of the Northern District of Indian Territory:

"On this day, this cause coming onto be heard, and it appearing to the court that the mandate of the United States Circuit Court of Appeals for the 8th Circuit in this cause was filed and spread upon its record upon a former day of the present term thereof, from which mandate in said behalf it appears that the court has ordered and adjudged a reversal of the decree heretofore rendered in the above-entitled cause, and a dismissal of the bill herein, so far as it relates to the McClellan place, and also for a decree in favor of Rachel McClellan for the possession of that place, and that all rents, issues, and profits of it that have been obtained by the receiver in this suit, with lawful interest thereon, be returned to the said Rachel McClellan which said McClellan place is more particularly described in said decree as

(48)

follows: 'One farm known as the Bill McClellan place, consisting of about six or seven hundred acres, situated about eight miles almost due north of Claremore, a station on the Kansas and Arkansas Valley Railway, and on the west and immediately along side of the Frisco Railroad about one-half mile from Sequoyah switch on said Frisco Railroad, Coo-wee-scoo-wee District of the Cherokee Nation and on which farm amongst other improvements is the residence occupied by the said Wm. P. McClellan and wife continuously ever since 1879, and up to the time and after the recovery of the judgment aforesaid, and one smokehouse, one large barn, and other improvements of large value, and on the same tract are situate three other tenement or farm houses, with outhouses and other improvements of great value, more particularly described in the complaint, all of which farm is under fence and most of it in cultivation'—it is therefore considered, ordered, and adjudged that the bill of complaint herein be, and the same is hereby, dismissed so far as it relates to the said McClellan place, hereinbefore described.

"And it appearing to the court from the report of the receiver herein, which was duly filed in this court on June 4, 1895, and that he has in his hands of the rents and profits of said place the sum of $663.18 in cash, and also corn on hand received as part of the rent, taken for and estimated to be worth $120, which corn is now penned on said McClellan home place as hereinbefore described. and also that he has on hand $550 in promissory notes, executed to him for rents on said place, all of which are held subject to the order of this court, it is therefore considered, ordered, and adjudged that the said receiver James A. Scott, turn over to the said Rachel McClellan, or her agent or attorney of record, the said $663.18, and also the corn aforesaid, estimated to be worth the sum of $120, and also the $550 in promissory notes aforesaid, and that he take receipts for said money, corn and promissory notes, and file the same with the clerk of

this court, upon the filing of which the clerk will enter a satisfaction on the record of the judgment to that extent.

"And it further appearing from the report of said receiver that the said Rachel McClellan is entitled to recover interest on the money collected aforesaid, amounting in the aggregate to the sum of $47.38, it is therefore considered, ordered, and adjudged that the said Rachel McClellan have and recover of and from said Henry C. Pyeatt and James C. Kerby, the plaintiffs herein, the sum of $47.38, interest as aforesaid—to which rulings of the court the plaintiffs at the time excepted.

'And it further appearing from the opinion and mandate aforesaid that the improvement known as the Prather place, and more particularly described in the original decree heretofore rendered herein as follows: 'One improvement known as the Dick Prather farm, consisting of about eight hundred acres, situate on the west side of a bend in the Verdigris river, all bottom land, and situate about five miles due east of Talala station a station on the Kansas & Arkansas Valley Railway, in the Coo-wee-scoo-wee District of the Cherokee Nation, on which was situate, amongst other improvements, a house, barn, well, and orchard and other improvements, and at the south end another house, stable, and other improvements, all of which said farm is under rail and wire fence, and in good state of cultivation, and of good value, and is more particularly described in plaintiff's complaint—was purchased with cattle which the said Henry C. Pyeatt and James C. Kerby had sold to the said Wm. P. McClellan and upon which they held a mortgage at the time said cattle were traded for said improvements to secure the very debt now evidenced by judgment in favor of said Henry C. Pyeatt and Jas. C. Kerby, and on which the bill of complaint in this case is based, and that the said Wm. P. McClellan held said place at the time he conveyed the same to the said Rachel McClellan by deed executed on the 18th day

of November, 1889, as the trustee of the said cattle for said improvements without the consent of his said cestuis que trusts, and that said improvements stood charged with the same trusts as did the cattle themselves, and that said transfer by the said Wm. P. McClellan to the said Rachel McClellan was a conveyance of trust pooperty by the trustee without consideration and said conveyance left the improvements in her hand charged with the same trust to which they were subjected while in the possession of her, husband, it is therefore considered, ordered, and adjudged that the deed executed by the said Wm. P. McClellan to the said Rachel McClellan bearing date November 18, 1889, in so far as the same purported to convey improvements aforesaid, known as the Prather place, to the said Rachel McClellan, be, and the same is hereby, canceled and held for naught.

"And it is further declared and decreed that the plaintiffs have the right to be paid the principal debt due them as set forth in the original complaint and the decree heretofore entered herein, with interest up to the time of this decree according to the terms hereof, and that the same ought to be and is hereby decreed to be a charge on the improvements heretofore described as the Prather place.

"And it appearing from the master's said report herein that in addition to the sum of $425.18 paid to Jno. H. Rogers, attorney of record for the said plaintiffs on December 29, 1893, and the sum of $170 paid to the said John H. Rogers on May 17, 1894, that he now has on hand in rents derived from said place the sum of $218.82, and also a note on account of rent for the current year for $620, all held subject to the order of this court, and the court being well and sufficiently advised, it is considered, ordered, and adjudged that the said report be, and the same is hereby, in all things confirmed and approved.

"And it further appearing that the said improvement known as the Prather farm, under the opinion and mandate of the United States Circuit Court of Appeals for the 8th Circuit, still remains to be sold, and that this court by the opinion and mandate of said court is ordered to enter a decree directing the sale of all of the improvements known as the Prather place to pay the debt to secure which the said cattle were mortgaged, it is therefore considered, ordered, and adjudged that the said receiver, James A. Scott, receiver herein, now having in charge said place under the former order of this court, is hereby ordered, adjudged and directed to sell the said improvement known as the Prather farm, and hereinbefore more particularly described, at public auction, to the highest bidder, on a credit of 3 months, at the town of Claremore, and between the hours of 9 o'clock a. m. and 3 o'clock p. m., taking bond and approved security for the purchase money, and retaining a lien on the premises therefor until the same is paid; that before selling the same he cause the same to be advertised in some newspaper published in the Cherokee Nation for three successive weeks, and by written or printed posters, in his discretion, stating therein the time, place, and terms upon which said property is to be sold; and that he also proceed to collect the rents for the current year on said Prather place, and that he immediately thereafter report all his acts and doings in the premises to this court for its confirmation and approval.

"And it further appearing to the court from the report herein that the said James A. Scott has expended as said receiver in actual expenses the sum of $77.55, and that he has received no compensation whatever for his services as such receiver, it is therefore considered, ordered, and adjudged that he reimburse himself out of money now in his hands derived from the rent of the Prather farm in the sum of $77.55, and that he be allowed the sum of $400 for his commission as receiver,

said $400 to cover all his services as such receiver, including the advertisement and sale of the Prather farm, and the collection of rents on said place, and to be paid out of any moneys now in his hands, or which may hereafter come into his hands, from the rents or profits of the Prather farm.

"It is further considered, ordered, and adjudged that the said plaintiffs, Henry C. Pyeatt and James C. Kerby pay their own cost in this court, and that defendants W. P. and Rachel McClellan pay their own cost in this court and in this behalf laid out and expended, and for which execution may issue against the respective parties if same be not paid in 20 days.

"It is further considered, ordered, and adjudged that the said Wm. P. McClellan and Rachel his wife, in conformity with the mandate of the United States Circuit Court of Appeals for the Eighth Circuit, have and recover of and from Henry C. Pyeatt and James C. Kerby the sum of $422.25, the same being the cost recovered by them on appeal of this case in the United States Circuit Court of Appeals for the Eighth Circuit.

"To so much of the decree as provides for the subjection of the Prather place to the payment of anything more than the value of the cattle and interest for which the place was exchanged, and costs, the defendants except.

"And it further appearing to the court, that a decree in this case was entered herein at the present term of this court, and that the same is crude and insufficient, and does not carry out the judgment of the court as then rendered, it is therefore considered, ordered, and adjudged that the said decree on record book 9, page 45, of date June 5, 1895, be, and the same is hereby vacated and held for naught; and this decree having been rendered on the said 7th day of June, 1895, and not having been entered of record as of that date, the same is entered now for then.

"And it further appearing to the court that under the de-cree heretofore entered at the present term of this court, that the said receiver has turned over to the said Rachel McClellan the papers in said McClellan place and the sum of $663.18, the amount in his hands, and also $550, heretofore referred to in promissory notes, and also the corn cribs on the said McClellan place, estimated to be worth $120, it is therefore considered, ordered, and adjudged that the same be, and is hereby, entered as credit on said judgment."

Thereafter the plaintiffs in said cause, by complaint filed in said court, charged that in pursuance of said decree and judgment the receiver advertised and offered the property for sale at public vendue, and sold the same for the sum of $1,000 to one E. B. Fraser, and that the defendants W. P. McClellan and his wife attended said sale, and sought to interfere therewith, and before said sale advised people that they would sue them in the Cherokee courts, and that whoever bought said premises would buy a lawsuit, and in other ways sought to pervent and injure said sale and deter bidders; that the price offered for said premises was wholly inadequate, and if it had been offered for sale free from the threats made by the said McClellans it would have brought at least from $2,500 to $3,000; that said McClellans had per-sisted in slandering the title of said property, and had violated the injunction order heretofore issued in the case while the same was in full force and effect, and in open defiance of the authority, jurisdiction and power of the court, asking that the sale be set aside, and that the said McClellans be further enjoined from in any way interfering with the further conduct of the receiver in the management and sale of said premises, directing and enjoin-ing them to abstain from further slandering the title to said property, or interfering with any person who might become purchaser of said property, and asking that they be required to pay into court for their contempt aforesaid the expenses of

said sale and the expenses of said receiver, and that they be further punished; that said William P. McClellan and Rachel McClellan appeared in court in response to said petition on December 5, 1895, and gave their testimony relative to their disobedience of the injunction order, and the court, so far as the record shows, gave judgment upon the contempt matter as follows: "It is therefore considered, ordered, and adjudged that the said William P. McClellan and Rachel McClellan, his wife, as well as their attorneys, agents, and all other persons acting for, by, through, or under them, (refrain) from in any manner interfering with the further conduct of the receiver, herein, James A. Scott, in the management and sale of said Prather improvement. * * * And said defendants, their agents, attorneys, and all other persons claiming by, through, or under said defendants, by reason of any right or title which said defendants, or either of them, may have had at the commencement of the original suit herein, to wit, on the 14th day of September, A. D. 1891, or at the rendition of the original decree herein (all such rights having been adjudicated against them in this suit), are directed and enjoined to abstain from further slandering the title of said property, or from hereafter interfering with the title and possession of any person who may hereafter become the purchaser of said property and improvements at any sale hereafter made thereof under the order and decree of this court, upon penalty of the law in such cases made and provided"—to all of which rulings, actions, judgments, and order of the court defendant at the time excepted.

Thereafter, and on December 6, 1895, the following order was made and entered of record: "It is therefore considered, ordered, and adjudged that the report of said receiver be, and the same is now hereby, approved in all things, and the allowance claimed by him, to wit, $497.55, be, and the same are, allowed and appeared (approved), and that said receiver pay over to

the plaintiffs or their attorney of record, John H. Rogers, $341.27 now in his hands, and take his receipt therefor to be filed as a voucher herein"—to all of which rulings, actions, judgments, and orders of the court defendants at the time excepted.

Thereafter, and on the same day, the receiver made a further report, and on the 28th day of December, 1896, the receiver made a report, and likewise on December 26, 1896, the court made an order approving certain reports of the receiver and making certain allowances. Afterwards, and on December 28, 1896, the receiver reported the sale of the said Dick Prather farm; and on the same day the court approved the deed made by said receiver, and thereafter appeal was taken to this court on the judgment of the court below.

*Geo. E. Nelson*, for appellants. *William T. Hutchings*, for appellees.

GILL, C. J.   The following is the assignment of errors: "(1) It was error to allow purchaser to come into the suit at the same time. (2) It was error to hold the appellants guilty of contempt of making an honest contest of the question raised in a court of competent jurisdiction. (3) It was error to enjoin them upon ex parte proof or no proof at all. (4) It was error to enjoin them, because the contention of the appellant Rachel McClellan was lawful, and was not res adjudicata. (5) It was error in the court to order the sale of the whole property without first ascertaining the value of the property which belonged to the appellees Kerby and Pyeatt, and for which the farm was bought, because the trust implied for the benefit of the owners of the property, which was the purchase price, could only be enforced to the extent of the value of the property which bought the farm and interest thereon."

It does not appear in the record that the purchaser was allowed to come into the suit at any time or any place; there-

for there is nothing in the first assignment for this court to consider. It does not appear that the appellant was adjudged guilty of contempt of court in the judgment of the court below consequently there is nothing in the second assignment of error for this court to consider.

In the third and fourth assignments of error there is nothing fore this court to consider, for the reason that the court below was vested with full authority to enforce its judgments, to set the same aside, and to punish, if it saw fit, parties interfering with sales ordered by the court, and to enjoin parties, whether defendants or other parties, from interfering with sales ordered by the court.

As to the fifth contention of the appellants, the court was vested with full power to order the sale of the property under the law and in accordance with the mandate of the Circuit Court of Appeals. Finding no error whatever in this record, the judgment, of the court below must be affirmed, and it is affirmed.

CLAYTON, RAYMOND, and TOWNSEND, JJ., concur.